IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Willie Simpkins, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07-1552-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Elaine Robinson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe regarding Willie Simpkins' ("Simpkins") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Simpkins is presently incarcerated by the South Carolina Department of Corrections and is proceeding in this matter with the assistance and representation of legal counsel. Consistent with the Magistrate Judge's Report & Recommendation, which shall be incorporated herein by reference, the Respondent's motion for summary judgment is granted, and Simpkins' petition is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2000, Simpkins struck a pedestrian with his motor vehicle, killing the pedestrian almost instantly. Eyewitnesses to the accident reported that Simpkins fled the accident scene, and that he was driving erratically. Shortly after the accident, Simpkins sought medical care at a local hospital. The attending nurses testified that Simpkins confessed to have been drinking alcohol as late as 6:00 a.m., which was half an hour before the time of the accident.

1

Simpkins was subsequently arrested and charged with leaving the scene of an accident resulting in death, felony driving under the influence, and obstruction of justice. On February 4, 2002, Simpkins entered into an agreement through which he pled guilty to leaving the scene of an accident and obstruction of justice. The felony DUI charge was dismissed. Simpkins was sentenced on April 15, 2002. At that time, the maximum sentence that could be imposed under state law for leaving the scene of an accident resulting in death was 25 years; for obstruction of justice, 10 years. The court sentenced Simpkins to 15 years' imprisonment for leaving the scene with 5 years concurrent for obstruction. By order dated July 2, 2003, the sentence was affirmed by the South Carolina Court of Appeals.

On August 1, 2003, Simpkins filed an application for post-conviction relief ("PCR") in state court. The court held an evidentiary hearing, but by order dated May 4, 2005, denied Simpkins' PCR application. That decision was appealed to the South Carolina Supreme Court, which by order dated January 4, 2007, declined to grant certiorari.

On June 1, 2007, Simpkins commenced federal collateral review of his state convictions by filing the instant petition for writ of habeas corpus. The petition alleges two ways in which the assistance of Simpkins' counsel at sentencing was constitutionally ineffective. First, Simpkins claims that prior to entering into the plea agreement, counsel failed to advise him that the court could consider evidence at sentencing that Simpkins was under the influence of alcohol at the time of the accident. Simpkins also claims that counsel was ineffective for failing to insist on having an evidentiary hearing at sentencing, so that certain statements made by witnesses against Simpkins could be subjected to cross-examination.

2

On November 2, 2007, the Respondent moved for summary judgment. Simpkins responded to that motion on January 25, 2008. The matter was referred to Magistrate Judge Catoe, who published his Report and Recommendation on July 16, 2008. After a careful review of Simpkins' petition, Magistrate Judge Catoe concluded that there were insufficient grounds upon which to grant habeas relief. Specifically, Simpkins had not demonstrated that he had suffered constitutionally cognizable prejudice arising from counsel's representation. Accordingly, Magistrate Judge Catoe recommended that Simpkins' petition be denied.

On July 30, 2008, Simpkins filed objections to the Magistrate Judge's Report and Recommendation. The Respondent's motion for summary judgment, the Magistrate Judge's Report and Recommendation, and Simpkins' objections filed thereto are presently before the court.

## II. Discussion of the Law

Magistrate Judge Catoe has recommended that Simpkins' petition for writ of habeas corpus be denied. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

Simpkins has filed objections to the Magistrate Judge's Report. Objections to the Report and Recommendation must be specific. The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. In the absence of specific objections to the Report and Recommendation of the Magistrate

Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

Magistrate Judge Catoe considered Simpkins' claim of ineffective assistance of counsel according to Strickland v. Washington, 466 U.S. 668 (1984). Consistent with Strickland, an individual seeking post-conviction relief for ineffective assistance of counsel must show that counsel's performance was constitutionally deficient, in that the performance fell below an objective standard of reasonableness, and that counsel's deficient performance actually prejudiced the complainant. Id. at 687-88. Prejudice generally means that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. In the context of plea agreements, this means that the complainant must show that he would not have entered into the plea agreement were it not for counsel's deficient performance. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Consistent with Strickland, it is not necessary that the court sitting in review of a habeas petition determine that counsel's performance was constitutionally deficient before addressing the question of whether the complainant has suffered prejudice. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Strickland, 466 U.S. at 697.

That was the course taken by Magistrate Judge Catoe. Simpkins' first claim is that counsel failed to inform him prior to entering into the plea agreement that the sentencing court

could consider evidence of alcohol use in connection with the fatal accident. If he had been made aware of that possibility, Simpkins argues, then he never would have entered into the plea agreement.

Magistrate Judge Catoe considered Simpkins' argument and found it unavailing for several reasons, all of which were related to the absence of demonstrable prejudice. Simpkins has previously conceded that possible alcohol impairment was relevant to sentencing on the charge of leaving the scene of an accident involving death. (Report & Recommendation 16.) More importantly, Simpkins knew or should have known at the time he entered into the plea agreement that such evidence would be relevant at sentencing. Simpkins is not a member of the legal laity. He has a law degree, and was once employed as a public defender in Georgia. (Id.) Given this pedigree, to claim ignorance of the scope of sentencing proceedings is simply disingenuous.

Furthermore, Simpkins was not surprised by the introduction at sentencing of evidence of alcohol use in connection with the fatal accident, or at least he should not have been surprised. At Simpkins' plea hearing, the court asked whether there was any evidence that alcohol was involved in the accident. (Id. 18). The solicitor indicated that there was, and the court mentioned that it might request a presentence report from probation. (Id.) At no time from the date on which he entered into the plea agreement has Simpkins sought to withdraw from his plea agreement. (Id.) In fact, the record demonstrates that Simpkins entered into a plea agreement in order to avoid prosecution for felony DUI death, among other reasons. (Report and Recommendation 19). It is therefore fair to presume that Simpkins knew or should have known

that evidence of alcohol use in connection with the accident could have been presented at sentencing.

The charges that were brought against Simpkins were serious, and as Magistrate Judge Catoe observed, the evidence of Simpkins' guilt was overwhelming. (Id. 17.) "[G]iven the record in this case, [Simpkins'] claim that he would not have pleaded guilty if he had been advised that the facts surrounding the accident and his character would be in issue at sentencing is simply not believable." (Id.) Under Strickland, there must be a reasonable probability that, but for counsel's constitutionally deficient performance, Simpkins would not have entered into the plea agreement. Even if it is assumed that the performance of Simpkins' counsel was constitutionally deficient, for the reasons articulated by Magistrate Judge Catoe, that standard is not met.

Simpkins' second ground for relief is that counsel was ineffective for failing to insist on having an evidentiary hearing at sentencing so that certain witness statements could be subjected to cross-examination. However, there is no indication that Simpkins has suffered demonstrable prejudice from counsel's performance at sentencing, even if it is assumed to be constitutionally deficient. Without demonstrable prejudice, the court cannot grant post-conviction relief for ineffective assistance of counsel.

### III. CONCLUSION

The court finds that Magistrate Judge Catoe gave appropriate consideration to the facts and circumstances of this matter, and that he applied the law correctly to those facts and circumstances in arriving at his recommendation.

It is therefore

**ORDERED** that the Report and Recommendation of United States Magistrate Judge William M. Catoe, docket number 22, is adopted in full, that his recommendation is accepted, and that the text of the report shall be incorporated into this opinion. It is further

**ORDERED** that the Respondent's motion for summary judgment, docket number 15, is granted. It is further

**ORDERED** that Simpkins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
August 5, 2008